IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONNA RANDOLPH,

      Plaintiff,

  vs.                                        CASE NO. C2-01-1253

                                              MAGISTRATE JUDGE KING

STATE OF OHIO, DEPARTMENT
OF YOUTH SERVICES,

      Defendant.

**OPINION AND ORDER**

This matter is now before the Court on *Plaintiff's Motion in Limine*, Doc. No. 87 ("*Motion in Limine*"). For the reasons set forth below, plaintiff's *Motion in Limine* is **GRANTED** in part, and **DENIED** in part.

**I.    BACKGROUND**

On August 24, 2007, plaintiff filed her *Motion in Limine*, seeking to exclude evidence on three matters. First, she seeks to exclude any evidence that Al Hamlet, her former supervisor, who is expected to testify for plaintiff, may have used defendant's computers to access pornographic websites. *Motion in Limine*, at 1-2. Second, plaintiff moves to exclude evidence regarding the allegation that plaintiff's witness and food service co-worker, Joanne Tinney, attempted to give gifts to an inmate. *Id*. Finally, plaintiff seeks to exclude, pursuant to Fed. R. Evid. 412, statements from defense witnesses, including Mary Sherill, regarding plaintiff's sexual behavior at work. *Id*. at 2-3.[1] On September 17, 2007, defendant filed *Defendant Ohio*

---

[1] On September 7, 2007, defendant filed a cross motion, pursuant to Fed. R. Evid. 412(c)(1), Doc. No. 93, seeking to introduce evidence of plaintiff's sexual behavior at the workplace. This motion is scheduled for an *in camera* hearing on October 5, 2007, at 9:00 a.m.

*Department of Youth Services' Memorandum Contra Plaintiff's Motion in Limine*, Doc. No. 98 ("*Memo Contra*").  Plaintiff filed *Plaintiff's Reply Memorandum in Support of Her Motion in Limine*, Doc. No. 103 ("*Reply*"), on September 19, 2007.

## II.  STANDARD OF REVIEW

This Court has previously explained the purpose of a motion *in limine* and the inquiry involved in ruling on such a motion:

> The purpose of a motion in limine is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *See Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). A court should only exclude evidence on a motion in limine when that evidence is determined to be clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp.2d at 846.  When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id.*

*United States v. Tucker*, No. 2:06-cr-03, 2006 U.S. Dist. LEXIS 39265, at *3-4 (S.D. Ohio June 14, 2006) (Holschuh, J.).  Thus, whether or not to grant a motion *in limine* falls within the sound discretion of the Court.  *See*, *e.g.*, *Benit v. Mercedes-Benz United States*, No. 2:06-cv-336, 2007 U.S. Dist. LEXIS 64690, at *5 (S.D. Ohio Aug. 31, 2007) (Holschuh, J.)

## III.  DISCUSSION

### A.  Al Hamlet

Plaintiff moves to exclude evidence regarding the allegation that Al Hamlet, plaintiff's witness and former supervisor, used defendant's computers to access pornographic websites.

---

Under these circumstances, the Court will defer consideration of the issue of whether or not plaintiff's alleged sexual behavior in the workplace is admissible.

2

*Motion in Limine*, at 1-2.  She also seeks to exclude any disciplinary action resulting from his alleged use of the computers.  *Id*. at 2.  Plaintiff contends that such evidence is irrelevant to the matters in this case, constitutes improper character evidence under Fed. R. Evid. 404(b) and 608(b) and unfairly prejudicial to her within the meaning of Fed. R. Evid. 403.  *Id*.; *Reply*, at 1-2.

In response, defendant argues that Mr. Hamlet signed a statement admitting that he accessed the internet daily while at work.  *Memo Contra*, at 2.   Defendant further contends that Mr. Hamlet accessed websites at night on various topics, including "pornography, dating, astrology, celebrity tidbits, to the Starr Report and Clinton impeachment news."  *Memo Contra*, at 2.  Following an investigation, Mr. Hamlet resigned.  *Id*.[2]  Defendant contends that this evidence is relevant to his motives in testifying against defendant.  *Id*. at 3.  Defendant further argues that this evidence "lends at least some perspective to his view of Randolph as blameless in her relations with the inmates."  *Id*.[3]

Plaintiff's arguments are well-taken.  Fed. R. Evid. 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Generally, "[a]ll relevant evidence is admissible," Fed. R. Evid. 402, unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

---

[2]Defendant's investigation report of Mr. Hamlet's internet use, including printouts from the various sites that he allegedly visited, is attached as Exhibit A to defendant's *Memo Contra*.

[3]Defendant states that Mr. Hamlet previously provided an affidavit in support of plaintiff stating that he had never seen plaintiff behave inappropriately with the youths at the facility.  *Memo Contra*, at 1-2.

3

presentation of cumulative evidence." Fed. R. Evid. 403. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Here, evidence regarding Mr. Hamlet's alleged improper use of the internet while at work and his resignation are irrelevant to the issues in this case. Fed. R. Evid. 401. Specifically, evidence of Mr. Hamlet's alleged use of defendant's computers to search the internet will not aid the jury in determining the key issues of whether or not plaintiff was sexually harassed or whether or not defendant acted properly to end a hostile work environment. Defendant contends that the evidence is relevant to possible bias; however, Mr. Hamlet apparently testified in plaintiff's support during an arbitration hearing in 1997 prior to his resignation, *i.e.*, before he had a motive to fabricate testimony. *Reply*, at 1-2 (citing to arbitration decision, attached as Exhibit A to *Defendant Ohio Department of Youth Services' Motion in Limine*, Doc. No. 86). Under these circumstances, defendant has not established that evidence of misconduct on the part of this witness will aid the jury in determining whether or not plaintiff was sexually harassed or in determining the credibility of this witness. Accordingly, this evidence is irrelevant and inadmissible. Fed. R. Evid. 401 and 402.

Even assuming the relevance of this evidence, the Court concludes that the admission of this evidence would pose a substantial risk of unfair prejudice. *See* Fed. R. Evid. 403. Moreover, such evidence is likely to waste time by distracting the jury from the issues in this case, namely, whether or not plaintiff was harassed and whether defendant acted properly in ending the alleged harassment. The risk of unfair prejudice therefore substantially outweighs any probative value this evidence may have. Accordingly, as it relates to evidence regarding Al Hamlet, plaintiff's *Motion in Limine* is **GRANTED**.

### B. Joanna Tinney

Plaintiff also moves to exclude evidence regarding the allegation that plaintiff's anticipated witness and food service co-worker, Joanne Tinney, improperly attempted to give certain items to an inmate. *Motion in Limine*, at 1-2. Defendant conducted an investigation into this allegation, which Ms. Tinney denies. *Id*. at 2. Plaintiff seeks to exclude this evidence because (1) it cannot be used to attack Ms. Tinney's credibility; (2) its admission would only confuse the jury; and (3) the evidence is irrelevant, improper and prejudicial under Fed. R. Evid. 401, 402, 403, 404(b) and 608(b). *Motion in Limine*, at 2; *Reply*, at 3.

In response, defendant observes that Ms. Tinney bought a phone card and daily planner for a youth, but denied actually giving the gifts to the youth. *Memo Contra*, at 2. She was counseled for "rumor carrying and personal relationship with the Cadre youth." *Id*. Subsequently, Ms. Tinney submitted a written rebuttal to these allegations, resigned and threatened legal action. *Id*. Defendant argues that this evidence is relevant to show her motive to exaggerate or fabricate testimony adverse to defendant. *Id*. at 3. Defendant further contends that evidence regarding her desire to give a gift to a youth will controvert her expected depiction at trial of the youth as uniformly harassing and disrespectful. *Id*.

Defendant's arguments are well-taken. Evidence that Ms. Tinney tried to give a gift to a youth and her subsequent resignation are relevant to her credibility and the issues in this case. Fed. R. Evid. 401. First, a jury could conclude from her rebuttal letter and resignation that Ms. Tinney may be biased against defendant. Such evidence may aid the jury in assessing the credibility of this witness's testimony. Second, a jury could also conclude from Ms. Tinney's alleged attempt to give gifts to a youth that at least some of the youths in the facility were

5

likeable; such evidence may therefore assist the jury in assessing the environment at the facility. This evidence is also relevant to Ms. Tinney's credibility to the extent that she testifies that all of the youths at the facility were harassing.

In short, the Court concludes that the probative value of this evidence substantially outweighs any alleged unfair prejudice or risk of confusion to the jury. Fed. R. Evid. 403. Accordingly, as it relates to evidence regarding Joanna Tinney, plaintiff's *Motion in Limine* is **DENIED**.

**WHEREUPON**, *Plaintiff's Motion in Limine*, Doc. No. 87, is **GRANTED** in part, and **DENIED** in part. As it relates to witness Al Hamlet, the motion is **GRANTED;** as it relates to witness Tinney, the motion is **DENIED.**

October 2, 2007                                                *s/Norah McCann King*
Date                                                            Norah McCann King
                                                                United States Magistrate Judge